**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

OCT X 2 2006
OCT 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **STANFORD A. BURRELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. |
| | ) |
| **CHICAGO POLICE OFFICER DAVID** | |
| **W. HOLLIDAY, star # 14827,** | 06CV5343 |
| **CHICAGO POLICE OFFICER JAIME** | JUDGE BUCKLO |
| **GAETA, star # 17317, CHICAGO** | MAG. JUDGE DENLOW |
| **POLICE OFFICER NED R.** | |
| **POLOVINA, star # 17772, CHICAGO** | |
| **POLICE OFFICER JAMES A.** | ) |
| **MANSELL, star # 17374, CHICAGO** | ) |
| **POLICE OFFICER J. LUKASIK, star #** | ) **JURY DEMANDED** |
| **7955, CHICAGO POLICE OFFICER** | ) |
| **R. WOODS, star # 55064, Unknown** | ) |
| **Chicago Police Officers, and THE CITY** | ) |
| **OF CHICAGO, a Municipal** | ) |
| **Corporation.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, Stanford A. Burrell, by one of his attorneys, Maritza Martinez, of Robert
A. Fisher. Ltd., for his Complaint against Defendants, states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

U.S.C. Sec. 1983 et seq, and Sec. 1985; the judicial code 28 U.S.C. Sec. 1331

and Sec. 1343(a); the Fourth Amendment of the Constitution of the United

States as incorporated and applied to state governments through the

Fourteenth Amendment; and supplementary jurisdiction, as provided under

U.S.C. Sec. 1367(a).

2. This is an appropriate venue because all of the alleged acts occurred within

the Northern District of Illinois and all of the parties reside within the
Northern District of Illinois.

## PARTIES

3. Plaintiff Stanford A. Burrell is a 40 year old Black man, and a resident of the
   City of Chicago and the United States of America.

4. Defendants, CHICAGO POLICE OFFICER DAVID W. HOLLIDAY, star #
   14827, CHICAGO POLICE OFFICER JAIME GAETA, star # 17317,
   CHICAGO POLICE OFFICER NED R. POLOVINA, star # 17772, and
   CHICAGO POLICE OFFICER JAMES A. MANSELL, star # 17374,
   CHICAGO POLICE OFFICER J. LUKASIK, star # 7955, and CHICAGO
   POLICE OFFICER R. WOODS, star # 55064, (hereinafter collectively
   referred to as "Individual Defendants") were, at the time of their occurrence,
   duly appointed Chicago police officers in uniform. They engaged in the
   conduct complained of in the course and scope of their employment and while
   they were on duty and under color of law. They were acting in their
   individual capacities.

5. Defendant Unknown Chicago Police Officers are police officers employed by
   the Chicago Police Department.

6. Defendant City of Chicago is a municipal corporation, duly incorporated
   under the laws of the State of Illinois, and as such is responsible for the
   policies, practices, and customs of the Chicago Police Department, its
   Superintendent of Police, its Office of Professional Standards (hereafter
   O.P.S.), its Personnel Division, its Internal Affairs Division (hereafter I.A.D.)
   and the Chicago Police Board.

## FACTS

7. On or about October 6, 2005, at approximately 4:47 p.m., Plaintiff, Stanford

A. Burrell was lawfully at 7744 S. Rhodes, Chicago, IL, and was at all relevant times acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

8. At said location, date and time, CHICAGO POLICE OFFICER DAVID W. HOLLIDAY, star # 14827, fired his OC spray at Plaintiff without any legal justification, seizing Plaintiff, Stanford A. Burrell, and then fired a bullet towards Plaintiff from his service firearm, nearly hitting him, and then subjected Plaintiff to physical abuse by striking Plaintiff about his head and body.

9. At said location, date and time, CHICAGO POLICE OFFICER NED R. POLOVINA, star # 17772, struck, hit and punched Plaintiff without any legal justification so hard that Polovina broke his finger of his left hand on Plaintiff's head, seizing Plaintiff, Stanford A. Burrell, with handcuffs and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

10. At said location, date and time, CHICAGO POLICE OFFICER JAIME GAETA, star # 17317, struck, hit and punched Plaintiff without any legal justification, seizing Plaintiff, Stanford A. Burrell, with handcuffs and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

11. At said location, date and time, and CHICAGO POLICE OFFICER JAMES A. MANSELL, star # 17374 struck, hit and punched Plaintiff without any legal justification, seizing Plaintiff, Stanford A. Burrell, and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

12. At said location, date and time, and CHICAGO POLICE OFFICER J. LUKASIK, star # 7955 struck, hit and punched Plaintiff without any legal

3

justification, seizing Plaintiff, Stanford A. Burrell, and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

13. At said location, date and time, and CHICAGO POLICE OFFICER R. WOODS, star # 55064 struck, hit and punched Plaintiff without any legal justification, seizing Plaintiff, Stanford A. Burrell, and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

14. At said location, date and time, and time, Unknown Chicago Police Officers struck, hit and punched Plaintiff without any legal justification, seizing Plaintiff, Stanford A. Burrell, and subjecting Plaintiff to physical abuse by such striking of Plaintiff about his head and body.

15. When there was no probable cause to stop, detain, and/or arrest Stanford A. Burrell, he was falsely arrested by Individual Defendants, and by additional Unknown Chicago Police Officers.

16. On October 6, 2005, Defendant CHICAGO POLICE OFFICER DAVID W. HOLLIDAY, star # 14827, signed and caused to be filed with the Clerk of the Circuit Court: a false Misdemeanor Complaint that falsely alleged that Stanford A. Burrell had committed the offense of Aggravated Assault Protected Employee in violation of 720 ILCS 5/12-2; as well as a false Misdemeanor Complaint that falsely alleged that Stanford A. Burrell had committed the offense of Resisting a Peace Officer in violation of 720 ILCS 5/31-1.

17. Stanford A. Burrell was transported to South Shore Hospital where he was treated for the injuries which he received when Defendant Holliday OC sprayed Stanford Burrell and when the Individual Defendants struck, hit and physically abused him.

18. Defendants, CHICAGO POLICE OFFICER DAVID W. HOLLIDAY, star # 14827, CHICAGO POLICE OFFICER JAIME GAETA, star # 17317,

4

CHICAGO POLICE OFFICER NED R. POLOVINA, star # 17772, and CHICAGO POLICE OFFICER JAMES A. MANSELL, star # 17374, CHICAGO POLICE OFFICER J. LUKASIK, star # 7955, and CHICAGO POLICE OFFICER R. WOODS, star # 55064, and other Unknown Chicago Police Officers filled out and filed false police reports to cover for their wrongful actions against Stanford A. Burrell.

19. Individual Defendants and Unknown Chicago Police Officers had their false reports and sworn statements tendered to their superiors and to Assistant State's Attorneys who relied on the false reports and sworn statements.

20. Stanford A. Burrell was forced to hire attorneys to represent him on the false charges placed on him.

21. As a result of the attack by Individual Defendants and Unknown Chicago Police Officers, Stanford A. Burrell sustained injuries to various parts of his head and body, including but not limited to his left hand thumb and pointer finger, and his right eye; he additionally suffered bruises and contusions to his head, face, and right rib cage area.

22. Stanford A. Burrell suffered mental, emotional and physical damage as a result of Defendants' actions on October 6, 2005, specifically, but not exclusively: he generally experiences a lack of enjoyment for life, and other mental and emotional complaints and traumas.

23. As a result of the wrongful actions of the Defendants on October 6, 2005, Stanford A. Burrell incurred physical pain and suffering, humiliation, loss of his liberty, medical and legal expenses, mental distress and anguish, was prevented from attending work and going about his regular business.

## COUNT I
### 42 U.S.C. § 1983 Excessive Force Claim
### Against Individual Defendants and Unknown Chicago Police Officers

24. Plaintiff Stanford A. Burrell realleges paragraphs 1 through 23.

25. The actions of Individual Defendants and Unknown Chicago Police Officers in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff, violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

26. Individual Defendants and Unknown Chicago Police Officers acted maliciously, willfully, wantonly, and/or in reckless disregard of the Plaintiff's constitutional rights to be free from the use of excessive and unnecessary force.

27. The actions of Individual Defendants and Unknown Chicago Police Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, including the bruising, spraining, contusions and pain on his body; the experiencing of a lack of enjoyment for life, and other mental and emotional complaints and traumas; anguish and humiliation; loss of personal freedom; and the expenditure of moneys for medical and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, Stanford A. Burrell, demands compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants and Unknown Chicago Police Officers; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

6

## COUNT II
### 42 U.S.C. § 1983 Unreasonable Seizure Claim
### Against Individual Defendants and Unknown Chicago Police Officers

28. Plaintiff Stanford A. Burrell realleges paragraphs 1 through 23.

29. The actions of Individual Defendants and Unknown Chicago Police Officers in using physical force against Plaintiff and in Defendant Holliday of firing OC spray and of shooting his service firearm towards Plaintiff, as set forth more fully above, were without probable cause or reasonable suspicion, were unreasonable in scope and nature, and also violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, against unreasonable seizures and thus violated 42 U.S.C. § 1983.

30. The actions of the Individual Defendants and Unknown Chicago Police Officers in unreasonably seizing Plaintiff, and/or in ordering the same, and/or failing to stop said seizure, while having the opportunity to do so, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

WHEREFORE, Plaintiff, Stanford A. Burrell, demands compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants and Unknown Chicago Police Officers; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983 False Arrest and Detention Claim
### Against Individual Defendant and Unknown Chicago Police Officers

31. Plaintiff realleges paragraphs 1 through 23.

32. The actions of the Individual Defendants and Unknown Chicago Police

Officers falsely arresting, and/or detaining, and imprisoning Plaintiff without probable cause, violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures as guaranteed by the Fourteenth Amendment.

33. The actions of the Individual Defendants and Unknown Chicago Police Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, and loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against the Individual Defendants and unknown Chicago Police Officers.

**COUNT IV**
**42 U.S.C. § 1983 Conspiracy Claim**
**Against Individual Defendants and Unknown Chicago Police Officers**

34. Plaintiff realleges paragraphs 1 through 23.

35. Individual Defendants and Unknown Chicago Police Officers acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive Plaintiff of his Constitutional rights, and to deprive him of said rights, including his right to be free from unreasonable search, arrest, detention, his right to due process of law, as protected by the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

36. In furtherance of their conspiracy or conspiracies, the Individual Defendants

8

and Unknown Chicago Police Officers committed the overt acts set forth above, including, but not limited to, the unreasonable search, the arrest, charging, detention, imprisonment, and prosecution without probable cause, the filing of false and incomplete reports, the making of false and incomplete statements, and the cover-up of their misconduct.

37. Said conspiracy or conspiracies and overt acts caused said constitutional violations, and said injuries, pain, suffering, and mental anguish, as set forth above.

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Individual Defendants and Unknown Chicago Police Officers.

## COUNT V
### Pendent State Law Claim for Battery
### Against Individual Defendants and Unknown Chicago Police Officers

38. Plaintiff realleges paragraphs 1 through 23.

39. The actions of Defendant Holliday in spraying OC spray at Plaintiff and of the Individual Defendants and Unknown Chicago Police Officers in physically abusing and beating Plaintiff, Stanford A. Burrell, directly and proximately caused the injuries and damages to Plaintiff, including but not limited to the sprains, bruises, and contusions on his body as claimed above and constitute the tort of battery under the laws of the State of Illinois.

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Individual Defendants and Unknown Chicago Police Officers.

## COUNT V
### Pendent State Law Claim for Assault
### Against Defendant Holliday

40. Plaintiff realleges paragraphs 1 through 23.

41. The actions of Defendant Holliday in shooting his OC spray at Plaintiff and of aiming his firearm towards and shooting towards Plaintiff, Stanford A. Burrell, directly and proximately caused the injuries and damages to Plaintiff, including but not limited to the fear and terror he experienced as he reasonably apprehended that he would be receiving an imminent battery and constitute the tort of assault under the laws of the State of Illinois.

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Holliday.

## COUNT VI
### Pendent State Law Claim for False Arrest and Imprisonment
### Against Individual Defendants and Unknown Chicago Police Officers

42. Plaintiff realleges paragraphs 1 through 23.

43. The actions of the Individual Defendants and Unknown Chicago Police Officers in falsely charging and prosecuting Plaintiff, thereby causing him to lose his liberty and be criminally prosecuted and be imprisoned, were done in a willful and wanton manner and constituted the torts of false arrest and imprisonment under the laws of the Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and damages to Plaintiff, as claimed above.

10

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Individual Defendants and Unknown Chicago Police Officers.

## COUNT VII
### Pendent State Law Claim for Intentional Infliction of Emotional Distress Against Individual Defendants and Unknown Chicago Police Officers

44. Plaintiff realleges paragraphs 1 through 23.

45. In subjecting Stanford A. Burrell to physical abuse, the use of unreasonable and unjustifiable force against Plaintiff, to spraying him with OC spray, and to being shot towards, Individual Defendants and Unknown Chicago Police Officers engaged in extreme and outrageous conduct against Plaintiff.

46. In carrying out the illegal and unreasonable actions of preparing false police reports, falsely charging Stanford A. Burrell, and falsely testifying against Stanford A. Burrell, thereby causing him to lose his liberty and be criminally prosecuted and be imprisoned, Individual Defendants and Unknown Chicago Police Officers engaged in extreme and outrageous conduct.

47. Individual Defendants and Unknown Chicago Police Officers intended, by subjecting Stanford A. Burrell to such humiliating, degrading, and unconstitutional and illegal conduct, to inflict severe emotional distress on Stanford A. Burrell, or knew there was a high probability that their conduct would cause Stanford A. Burrell severe emotional distress.

48. The conduct and actions of the Individual Defendants and Unknown Chicago Police Officers, as set forth above, were done in a willful and wanton manner and were the direct and proximate cause of Stanford A. Burrell's severe emotional distress, embarrassment and humiliation and constitute intentional infliction of severe emotional distress under the laws of the State of Illinois.

11

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Individual Defendants and Unknown Chicago Police Officers.

**COUNT VIII**
**Statutory Indemnification**
**(745 ILCS 10/9-102 Claim Against the City of Chicago)**

49. Plaintiff realleges paragraphs 1 through 23.

50. Defendant City of Chicago was the employer of each of the Individual Defendants and Unknown Chicago Police Officers at all times relevant to this complaint.

51. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

52. These Individual Defendants and Unknown Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Plaintiff Stanford A. Burrell prays the Court will award him actual damages and costs against the City of Chicago.

**Plaintiff Stanford A. Burrell demands a jury trial on each count of this Complaint.**

Respectfully submitted,

MARYZA MARTINEZ
One of Stanford A. Burrell's Attorneys

Dated this 2nd day of October, 2006.

ROBERT A. FISHER, LTD.
20 South Clark Street
Suite 700
Chicago, IL 60603
Atty. No. 06200923